## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JESSIE JOHNS,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| **VS.** | **:** | |
| | **:** | **NO. 5:15-CV-409-MTT-CHW** |
| **Warden GLEN JOHNSON,** *et al.***,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## <u>ORDER AND RECOMMENDATION</u>

In accordance with the Court's previous Order, *pro se* Plaintiff Jessie Johns, a prisoner currently confined at the Dooly State Prison in Unadilla, Georgia, has filed a supplemental complaint further explaining his claims for relief pursuant to 42 U.S.C. § 1983.   In his Supplemental Complaint, Plaintiff seeks to remove Defendant Glen Johnson, the prison warden, as a Defendant and add as Defendants Sachdeva and Mason, his primary care physician and the medical services director at the prison, respectively. (Suppl. Compl. 1-2, ECF No. 7.)   Plaintiff also seeks to add Homer Bryson, Commissioner of the Georgia Department of Corrections ("GDOC"), as a Defendant.  *Id.* at 2.   After reviewing Plaintiff's submissions, the undersigned finds Plaintiff's claims against Defendants Sachdeva and Mason may proceed for further factual development. The undersigned **RECOMMENDS**, however, that Plaintiff's claims against Defendant Bryson be **DISMISSED without prejudice.**

I.      **Preliminary Screening**

A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a).  When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally

2

cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

According to the Complaint, Plaintiff has a serious degenerative hip condition that causes him "great pain, difficulty walking, and trouble getting in and out of bed." (Compl. 5, ECF No. 1.) Over the last year, Plaintiff has twice visited Augusta Medical Prison, where he met with two orthopedists who both prescribed that Plaintiff receive hip replacement surgery. (*See* Attach. 2 to Compl. at 1, ECF No. 1-2.) Plaintiff contends Defendant Sachdeva has been deliberately indifferent to his serious medical needs and has caused him undue pain and suffering by failing to prescribe pain medication for the Plaintiff while he awaits surgery, by failing to coordinate "Plaintiff's surgery and his overall medical care," and by "ignor[ing] the Plaintiff's health concerns." *Id.* at 1.

3

Plaintiff contends Defendant Mason is responsible for coordinating referrals and that she has ignored Plaintiff's referral for surgery.  *Id.* at 2.  Plaintiff alleges "this neglect has caused the Plaintiff a great deal of pain and suffering" in violation of Plaintiff's Eighth Amendment rights.

Plaintiff contends Defendant Bryson "is responsible for the overall care and security of all prisoners in the Georgia Dept. of Corrections and has a causal connection with every aspect of care and treatment of all Georgia D.O.C. prisoners."  *Id.* Plaintiff further alleges that Defendant Bryson controls the GDOC budget and surmises that Defendant Bryson's budget decisions have resulted in deliberate indifference to Plaintiff's constitutional rights because Plaintiff has had to wait for nearly two years to have his surgery approved.  *Id.*; *see also id.* at 3 (noting that Plaintiff's "hip replacement surgery has been prescribed over 2 years ago and no surgery has been scheduled as of the date of this filing").  Plaintiff seeks compensatory damages for these Defendants' alleged violation of his constitutional rights and also requests that the Court "compel Defendants to order and complete Plaintiff's hip replacement surgery."  *Id.* at 6.

C.  Plaintiff's Claims

i.  *Claims against Defendants Sachdeva and Mason*

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."  *Id.* at 1243.  A plaintiff must first "set forth evidence of an

objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

The allegations in the Complaint and Supplemental Complaint can be liberally construed to allege that Defendant Sachdeva knew Plaintiff was suffering from a degenerative hip condition that was causing Plaintiff significant pain and affecting his daily activities, prescribed him surgery for that condition, yet refused to provide him with any pain medication or other treatment while Plaintiff waits for his surgery. (Suppl. Compl. 2). As such, Plaintiff's Eighth Amendment medical deliberate indifference claims against Defendant Sachdeva may proceed for further factual development. *See, e.g., McElligott v. Foley*, 182 F.3d 1248, 1257-58 (11th Cir. 1999) (deliberate indifference may be shown where prison officials know a course of treatment is largely ineffective but decline to do anything more to attempt to improve a prisoner's medical condition); *Benson v. Gordon County*, 479 F. App'x 315, 319 (11th Cir. 2012) (per curiam) (prisoner stated claim against nurse who intentionally withheld prescribed pain medication from prisoner for days despite knowing prisoner was in pain).

As to Defendant Mason, Plaintiff contends that in her capacity of medical director for the prison, she "is responsible for the medical care of all prisoners at Dooly State Prison" and "coordinates all referrals and refusals of medical care for Dooly State Prison." (Suppl. Compl. 2.) Plaintiff alleges that Defendant Mason has "ignored" Plaintiff's surgery referrals, thereby preventing Plaintiff from receiving the prescribed

surgery and causing him unnecessary pain and suffering. *Id.* Construed liberally, these claims also warrant further factual development. Plaintiff's medical deliberate indifference claims against both Defendants Sachdeva and Mason shall therefore proceed past the frivolity review stage.

### ii. Claims against Defendant Bryson

Plaintiff alleges that Defendant Bryson "is responsible for the overall care and security of all prisoners" and that he manages the GDOC's budget. (Suppl. Compl. 2.) Supervisors, such as Defendant Bryson, can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff's Complaint does not allege that Defendant Bryson personally and directly participated in any decision that violated Plaintiff's constitutional rights, had any customs or policies that implicated Plaintiff's constitutional rights, directed any of his subordinates to act unlawfully, or knew they were doing so and failed to stop them. *See*

6

*id*. At most, Plaintiff suggests that his surgery is being postponed because of unspecified "budget issues." (Suppl. Compl. 3.)  Plaintiff's conclusory and unsubstantiated assertion that his surgery might have been postponed due to budget cuts or policies is insufficient to link Defendant Bryson to the constitutional violations alleged by Plaintiff.  *See, e.g., Franklin v. Curry*, 738 F.3d 1246, 1250-51 (11th Cir. 2013) (district court erred by permitting plaintiff's claims to proceed against supervisors where plaintiff's allegations were too conclusory to apprise the defendants of the factual basis for the plaintiff's claims).  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Bryson be **DISMISSED without prejudice.**

## II.     Conclusion

Based on the foregoing, the undersigned concludes that Plaintiff's medical deliberate indifference claims against Defendants Sachdeva and Mason must proceed for further factual development.    The undersigned **RECOMMENDS**, however, that Plaintiff's claims against Defendant Bryson be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on

factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against the Defendants identified above, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

8

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as

11

required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 28th day of April, 2016.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

12