**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| JESSIE JOHNS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-409 (MTT) |
| WARDEN GLEN JOHNSON, *et. al*, | ) |
| Defendants. | ) |

### CORRECTED ORDER[1]

United States Magistrate Judge Charles H. Weigle recommends granting the Defendants' motion for summary judgment (Doc. 29) because there is no genuine issue of material fact with regard to whether the Defendants[2] were deliberately indifferent to the Plaintiff's serious medical needs. Doc. 38. The Plaintiff then filed an objection to the Recommendation. Doc. 40. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion for summary judgment (Doc. 29) is **GRANTED**, and the Plaintiff's claims are **DISMISSED with prejudice**.

---

[1] In its Order dated August 30, 2017, the Court mistakenly stated that the Plaintiff's claims were dismissed without prejudice. That was obviously an error. This Order makes clear that those claims are dismissed with prejudice. Otherwise, there is no change in the Order.

[2] In his objection, the Plaintiff does not specifically reference Defendant Mason, except broadly implicating Mason's involvement by referring to him as "Defendants". Doc. 40. Because the Court agrees with the Magistrate Judge that there is no evidence in the record to show Defendant Mason's awareness of or involvement with the Plaintiff's medical care and no further discussion of the issue is necessary, only Defendant Sachdeva will be addressed in this order.

The Plaintiff first argues that in determining whether to grant the motion for summary judgment, the Magistrate Judge should have only considered what the Defendants did between June 5, 2013, when evidence of the Plaintiff's hip pain was first recorded, and October 30, 2015, when the Plaintiff filed his lawsuit. Doc. 40 at 4. Considering any actions taken after the lawsuit was filed, the Plaintiff contends, would "reward defendants for taking substantial actions to mitigate Plaintiff's ailments and pain only after being sued–instead of when plaintiff was actually complaining and not getting the help he needed." *Id.* at 4-5. While it is true that the Magistrate Judge recounted instances in which the Plaintiff was prescribed pain medications following the filing of this lawsuit, this does not change the outcome. Doc. 38 at 17. Before the lawsuit was filed, Dr. Sachdeva continuously monitored and treated the Plaintiff for his hip pain. Indeed, it was Dr. Sachdeva who ordered an MRI, arranged for an orthopedic surgery, and recommended that the Plaintiff receive a hip replacement. Doc. 28-4 at 51-52, 75, 108. Clearly, there were delays, apparently administrative for the most part, and perhaps it could be argued that Dr. Sachdeva should have more aggressively pushed for approval of the surgery. However, this does not rise to the level of deliberate indifference. Thus, the Plaintiff has failed to show any genuine issue of material fact as to whether the Defendants were deliberately indifferent to his hip pain prior to the filing of his lawsuit.[3]

---

[3] The Plaintiff also argues that the Magistrate Judge erred in failing to consider the documents in the record titled "Active Meds" as well as the Plaintiff's affidavit explaining that he complained of his hip pain to Defendant Sachdeva on June 12, 2012, and on December 20, 2012. Docs. 40 at 5; 32 at 5-6. However, these documents are not sufficient to create an issue of material fact. The record clearly shows that Defendant Sachdeva's response was adequate in light of the known circumstances. Regarding the list of documents labelled "Active Meds" (Doc. 28-4 at 32, 44, 48), this list is not exclusive and does not paint a full picture of the actions taken by Defendant Sachdeva. While the Plaintiff is understandably

The Defendants' motion for summary judgment (Doc. 29) is **GRANTED**, and the Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED**, this the 28th day of September, 2017.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

concerned about receiving pain medication, Defendant Sachdeva prescribed medication for the Plaintiff's hip pain between June of 2013 and November of 2014 that did not appear in the "Active Meds" documents. *See, e.g.*, Doc. 28-4 at 7, 8, 51, 121-23. Thus, when viewing the record as a whole, the evidence clearly shows no genuine dispute of any material fact as to whether the Defendants acted with deliberate indifference.